

Justin A. Kuehn

September 26, 2019

**BY ECF**

Hon. Paul A. Engelmayer, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Chery v. Conduent Education Services, LLC, et al.*
               Case No. 1:19-mc-430

Dear Judge Engelmayer:

      This firm is co-counsel with Bragar Eagel & Squire, PC for plaintiff in the above-captioned action.  We write to request that this matter be transferred to the United States District Court for the Northern District of New York (Albany Division) ("NDNY") as related to *Chery v. Conduent Education Services, LLC, et al.*, No. 18-98 currently pending before Judge Hummel (the "Underlying Action").  Alternatively, for the reasons that follow, Plaintiff seeks an extension of time to respond to the motion to quash until October 11, 2019.[1]

### Background

      The Underlying Action is a putative class action concerning student loan servicing pending in the NDNY.  On May 10, 2019 a Rule 16 Initial Conference was held before Judge Hummel and shortly thereafter a Pretrial Scheduling Order was entered.  During the Initial Conference, the scope of pre-certification discovery was discussed, and Judge Hummel advised that he would resolve disputes concerning the scope of discovery as they arose.

      The Underlying Action is currently in the midst of document discovery.  As part of the ongoing document discovery, plaintiff served subpoenas to produce documents on five non-parties –  (i) the Consumer Financial Protection Bureau, (ii) the New York State Department of Financial Services ("DFS"), (iii) FedLoan Servicing/Pennsylvania Higher Education Assistance Agency, (iv) Great Lakes Loan Services, Inc., and (v) Navient Corporation.  In response to these

---

[1] Although this Court's order required that Plaintiff's counsel be served by September 20, 2019, plaintiff's counsel was not served with the order setting the current September 27th response date until September 23, 2019

30 Wall Street, 8th floor, New York, NY 10005

Tel: (212) 709-8245  |  E-mail: jkuehn@moorekuehn.com
Dir: (917) 818-3045  |  Website: moorekuehn.com

Hon. Paul A. Engelmayer, U.S.D.J.
September 26, 2019
Page | 2

subpoenas, defendants filed motions to quash in this Court, the Eastern District of Wisconsin, the Eastern District of Pennsylvania ("EDPA"), the District of Delaware, and the District of Columbia.  On September 19, 2019, the EDPA *sua sponte* entered an order transferring the motion to quash pending in that District to the NDNY ("Transfer Order").[2]  The NDNY has set a briefing schedule for the transferred motion with plaintiff's response due on or before October 11, 2019 and defendants' reply is due on or before October 17, 2019.

Currently pending before this Court is the motion to quash the subpoena to the DFS.  On September 23, 2019, counsel for plaintiff and defendants conferred.  On this call, defendants counsel indicated they would agree to transfer the pending motions to quash to the NDNY.  Prior to filing this letter, plaintiff's counsel sought defendants' consent to filing this request to transfer jointly, but we have not received a response from defendants' counsel.

### **Plaintiff's Request that this Matter be Transferred to the NDNY**

The Transfer Order held that transfer to the NDNY of the motion to quash before the EDPA was warranted because the NDNY's interest in managing the Underlying Action outweighed the subpoenaed party's interest in having a local resolution of the motion.  The logic of the Transfer Order applies equally here.

As the EDPA explained, Judge Hummel "is presently addressing the scope of pre-certification relevance in the ongoing complex litigation before him" and therefore because of his "specific knowledge and nuance understanding of the issues" is best suited to continue to do so.  The EDPA also noted that there is only a "slight burden" to the subpoenaed party because litigation of a motion to quash is unlikely to require travel.

Further evidence that the NDNY's interest outweighs DFS's interest in this matter remaining in this Court is that on September 20, 2019, DFS appeared by counsel in the Underlying Action as a non-party.  In addition, on September 24, 2019, I consulted with counsel for DFS, Eamon Rock, Esq., who informed me that DFS takes no position in regard to the request to transfer this matter to the NDNY.

### **Conclusion**

Plaintiff respectfully request that this matter be transfer to the NDNY as related to the Underlying Action.  Alternatively, Plaintiff requests the Court extend the briefing schedule on the motion to quash before it to coincide with the current schedule in the NDNY by extending plaintiff's time to respond until on or before October 11, 2019 and defendants' time reply until on or before October 17, 2019.

---

[2] A copy of the Transfer Order is annexed hereto.

30 Wall Street, 8th floor, New York, NY 10005

Tel: (212) 709-8245    E-mail: jkuehn@moorekuehn.com
Dir: (917) 818-3045    Website: moorekuehn.com

Hon. Paul A. Engelmayer, U.S.D.J.
September 26, 2019
Page | 3

      We are available at the Court's convenience should Your Honor have any questions.

                                               Respectfully submitted,

                                               Justin Kuehn

cc: all counsel of record (by ECF)
    John Grugan (by email)
    Dan Fanaselle (by email)
    Eamon Rock (by email)
    Lawrence Eagel (by email)
    David Stone (by email)

**30 Wall Street, 8th floor, New York, NY 10005**

**Tel: (212) 709-8245**  **E-mail: jkuehn@moorekuehn.com**
**Dir: (917) 818-3045**  **Website: moorekuehn.com**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY CHERY** | : **MISCELLANEOUS ACTION** |
| | : |
| v. | : **NO. 19-162** |
| | : |
| **CONDUENT EDUCATION SERVICES,** | : |
| **LLC,** *et al.* | : |

## ORDER

**AND NOW**, this 19th day of September 2019, upon considering Defendants' Motion to quash (ECF Doc. No. 1) a subpoena compelling the production of documents by a Harrisburg, Pennsylvania non-party to be produced in Philadelphia outside 100 miles of where the witness regularly transacts business in person under Fed. R. Civ. P. 45(c)(2)(A), and further finding transfer of the complex relevance questions raised in pre-certification discovery involving an ongoing action fully managed by Judge Hummel in the Northern District of New York and so as not to affect Judge Hummel's ongoing progress in resolving the matter based on our largely speculative interpretation of relevance in a small vacuum of pending submissions without the benefit of highly specific knowledge and nuance understanding of the issues in this ongoing class action litigation[1], it is **ORDERED**:

1. The Clerk of Court shall forthwith **transfer** this matter to the Clerk of the United States District Court for the Northern District of New York (Albany Division) as related to *Chery v. Conduent Education Services, LLC et al.,* No. 18-95 now pending before Judge Hummel for further resolution; and,

2. The Clerk of Court shall **close** this matter in this District.

*[Signature]*
KEARNEY, J.

---

[1] The Advisory Committee Notes to Rule 45 provide when determining whether exceptional circumstances exist to transfer a motion relating to a document subpoena issued from the origin court under Rule 45(f), the "prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." But the Advisory Committee Notes further explain transfer may be warranted "to avoid disrupting the issuing court's management of the underlying litigation." Apart from avoiding disruption in the issuing court's management of the underlying litigation, we may also consider the complexity of the underlying litigation. *See Meijer Inc. v. Ranbaxy Inc.*, No. 17-91, 2017 WL 2591937, at *3 (E.D. Pa. Jun. 15, 2017); *United States ex rel. Simpson v. Bayer Corp.*, No. 16-207, 2016 WL 7239892, at *2 (E.D. Pa. Dec. 15, 2016). In *Bayer Corp.*, Chief Judge Stengel found the complexity of the underlying action favored transfer of a motion to quash. 2016 WL 7239892, at *2. Chief Judge Stengel explained the complexity of the underlying litigation gave rise to "highly specific" and "nuanced" categories of information sought in the discovery request, which would be best addressed by the issuing court. *Id.* In *Meijer*, Judge Beetlestone found the complex nature of an underlying litigation coupled with the issuing court's "focused management of the matter" evidenced through the court's detailed pretrial scheduling order supported transfer to the issuing court. *See Meijer Inc.*, 2017 WL 2591937, at *2-3.

Transfer is also appropriate when the interests favoring transfer outweigh the interests of the local nonparty served with the subpoena in obtaining a local resolution of the motion. Fed. R. Civ. P. 45 Advisory Committee Notes on 2013 Amendments. In *Meijer Inc.*, Judge Beetlestone explained transferring a motion to compel to the issuing court resulted in only a slight burden to the local party partially because litigating the motion to compel in the issuing court did not require out-of-state travel. Judge Beetlestone emphasized litigating the discovery dispute could be done entirely remotely and if oral argument would be necessary on the motion, argument could be made by telephone or video conferencing. *Id.*

Judge Hummel is presently addressing the scope of pre-certification relevance in the ongoing complex litigation before him. We have no objection from the subpoenaed witness to transfer. There is no basis to have us speculate as to relevance in this complex case involving a subpoena which may be facially invalid.